UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
CIVIL ACTION NO.: 1:23-cv-478

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CAVALIER WINSTON DEVELOPMENT, LLC and THE GOODMAN-GABLE-GOULD COMPANY, d/b/a GOODMAN-GABLE-GOULD/ADJUSTERS INTERNATIONAL, <br><br> Defendants. | COMPLAINT <br><br> (Jury Trial Demanded) |

Plaintiff, Great American Insurance Company ("Great American"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 57, 28 U.S.C. § 2201, and all other applicable law, files this Complaint against Defendants, Cavalier Winston Development, LLC ("Cavalier") and The Goodman-Gable-Gould Company, d/b/a Goodman-Gable-Gould/Adjusters International ("GGG"), collectively ("Defendants"), and alleges as follows:

## THE PARTIES AND NATURE OF THE DISPUTE

1. This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, and all other applicable law to determine the Parties' rights, duties, obligations, and entitlements pursuant to a builder's risk policy of

insurance, bearing policy number IMP E661237 00 00 and which was effective January 15, 2021 to April 15, 2022 ("Policy"). *A copy of the Policy is attached hereto as **Exhibit A***.

2. Great American is a corporation organized under the laws of the State of Ohio, and it maintains its principal place of business in Cincinnati, Ohio.

3. At all times relevant, Great American was and is authorized to transact business in the State of North Carolina, and it submits itself to the jurisdiction and venue of this Court for purposes of this case only.

4. Defendant Cavalier is a limited liability company organized under the laws of the State of North Carolina. It maintains its principal place of business in Norfolk, Virginia. Upon information and belief, Cavalier has two members: (1) JBL Whitaker Lofts, LLC, and (2) Whitaker Lofts FP, LLC, each of which are citizens of Virginia. Specifically, upon information and belief, John B. Levy and/or Andrew R. Little, both of whom are citizens of and domiciled in Virginia, comprise the member(s) of JBL Whitaker Lofts, LLC, such that JBL Whitaker Lofts, LLC is a citizen of Virginia. Also upon information and belief, Donald Bart Frye, Jr., who is a citizen of and is domiciled in Virginia, is the sole member of Whitaker Lofts FP, LLC, such that Whitaker Lofts FP, LLC is a citizen of Virginia. Therefore, Cavalier, based upon the citizenship of its members, is not a citizen of Ohio; is a citizen of Virginia; and is diverse from Great American.

5. Defendant GGG is a corporation organized under the laws of the State of Maryland, and it maintains its principal place of business in Baltimore, Maryland.

**JURISDICTION, VENUE, AND APPLICABLE LAW**

6. This Honorable Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332(a)(1) and 2202, and Fed. R. Civ. P. 57. Complete diversity exists between the Parties, as denoted above. Additionally, the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as the damages claimed by Cavalier, which are described below, total approximately $4,851,784.79. Further, this Court has jurisdiction under 28 U.S.C. §§ 2201(a) and 2202 because Great American seeks declaratory relief concerning an actual controversy within this Court's jurisdiction.

7. Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of the action is situated in this District. Venue in this District is also appropriate because this Action addresses an insurance dispute involving persons, property, property damage, and interests in the Middle District of North Carolina.

8. North Carolina law applies to the adjudication of this civil action and the Policy. The property and alleged damage thereto are situated in North Carolina. Further, this matter and the Parties' insurance dispute involve persons,

property, property damage, and interests located in North Carolina pursuant to N.C. Gen. Stat. § 58-3-1.

## FACTUAL BACKGROUND

### The Insurance Policy

9. Great American incorporates the allegations of Paragraphs 1 through 8, above, as if fully set forth herein.

10. Cavalier and Great American are party to the Policy, an insurance contract affording certain coverages to Cavalier, subject to all terms, provisions, exclusions, and limitations contained therein.

11. Pursuant to the Policy's Coverage provisions, coverage under the Policy may apply if Cavalier suffers "direct physical 'loss' to Covered Property from any of the Covered Causes of Loss." *See **Ex. A**, Policy, Form CM 87 62 (Ed. 09/19) at p. 1 of 30.*

12. Covered Property is comprised of various building components identified in the Policy, but only to the extent such components "are or are intended to become a permanent part of the covered 'project.'" *See **Ex. A**, Policy, Form CM 87 62 (Ed. 09/19) at p. 1 of 30; see also id., at p. 30 of 30 (defining "usable existing structure(s)" as "only those parts of an existing structure . . . intended to be a permanent part of the completed covered 'project'").*

13. The Policy defines "Covered Cause of Loss [as] risk of direct

physical 'loss' to Covered Property, except those causes of 'loss' listed in the Exclusions." *See* **Ex. A**, *Policy, Form CM 87 62 (Ed. 09/19), at p. 2 of 30.*

14. Relevant to the present Action, the Policy includes a rainwater exclusion ("Rainwater Exclusion") and a faulty workmanship exclusion ("Faulty Workmanship Exclusion").

15. The Policy's Rainwater Exclusion states in relevant part as follows: "[Great American] will not pay for a 'loss' caused by or resulting from any of the following . . . Damage from rain, sleet, snow, hail, ice or dust (all whether or not driven by wind) to Covered Property not in a 'fully enclosed building or structure' except as provided in **F. Optional Coverages, 6. Rain, Sleet, Snow, Hail or Ice.**" *See* **Ex. A**, *Policy, Form CM 87 62 (Ed. 09/19), at p. 10-11 of 30.*

16. Per the Policy, "fully enclosed building or structure," "means the exterior envelope of the building or structure is complete based on the structure's design and all final components of the exterior of the structure and its systems have been completely and permanently installed. The final components include but are not limited to: 1. The roof and roof drainage systems; 2. Exterior walls including siding; 3. Windows; 4. Doors; 5. Vents and ventilation systems; 6. Mechanical and electrical systems." *See* **Ex. A**, *Policy, Form CM 87 62 (Ed. 09/19), at pp. 27-28 of 30.*

17. Although the Policy's Cornerstone Complete Coverage Form

contains language regarding an Optional Coverage for Rain, Sleet, Snow, Hail or Ice, Cavalier never applied for, requested, or paid premium for that Optional Coverage. *See* **Ex. A**, *Policy, Form CM 87 76 (Ed. 09/19), at p. 2 of 3* (***Optional Coverages***: *Coverage is provided only if a Limit of Insurance is shown. . . .* ***Rain, Sleet, Snow, Hail or Ice*** *$ NOT COVERED"*).

18. As such, the Policy does not afford the foregoing Optional Coverage. *See id.; see also* **Ex. A**, *Policy, Form CM 87 62 (Ed. 09/19), at p. 16 of 30.*

19. The Policy's Faulty Workmanship Exclusion states in relevant part as follows: "[Great American] will not pay for 'loss' caused by or resulting from the following causes . . . faulty, inadequate or defective . . . planning . . . design, specifications, workmanship, repair, construction, renovation, remodeling . . . or . . . maintenance." *See* **Ex. A**, *Policy, Form CM 87 62 (Ed. 09/19), at pp. 11-12 of 30.*

20. In addition to the foregoing provisions, the Policy expressly prohibits Cavalier from transferring its "rights and duties under [the] Policy" without Great American's "written consent." *See* **Ex. A**, *Policy, Form IL 00 17 (Ed. 11/98) XS, at p. 2 of 2.*

### The Project and Cavalier's Insurance Claims

21. Cavalier undertook a renovation project relative to two former RJ Reynolds cigarette-manufacturing buildings located in Winston-Salem, North

Carolina ("Project"). Via the Project, known as "The Lofts at Whitaker Park," Cavalier intended to convert the historic buildings to 163 market-rate apartments with a rooftop bar and lounge, among other amenities.

22. During the course of the Project, Cavalier submitted three separate insurance claims seeking coverage under the Policy (collectively the "Claims") (and individually, the "First Claim," "Second Claim," and "Third Claim," respectively).

23. Relative to the First Claim, assigned claim number A00373829 ("First Claim"), certain Covered Property at the Project, including certain flooring, purportedly incurred physical damages on or about July 2, 2021 from rainwater. Damages sought by Cavalier via the First Claim included costs for dehumidification, cleanup, fan rentals, and damage to finished floors.

24. Cavalier notified Great American of the First Claim on or about July 6, 2021, after which Great American commenced its claim investigation. Such investigation included the seeking of relevant information from Cavalier and inspecting the Project. During its investigation, Great American learned that the Project, including its exterior envelope, was incomplete on July 2, 2021. Specifically, portions of siding had been removed, and Cavalier had covered the resultant openings with a temporary plastic covering.

25. On July 29, 2021, Great American issued a reservation of rights

letter to Cavalier, explaining that certain provisions, including the Policy's Rainwater Exclusion, may apply to preclude coverage for the First Claim. After completing its investigation, on or about August 30, 2021, Great American issued a declination letter to Cavalier for the First Claim based upon the applicability of the Policy's Rainwater and Faulty Workmanship Exclusions to the damages caused by rainwater entering the Project while the exterior envelope remained incomplete.

26. To date, Cavalier has not disputed Great American's declination of coverage, relative to the First Claim.

27. Turning to the Second Claim, assigned claim number A00387878 ("Second Claim"), on or about August 31, 2021, certain Covered Property at the Project purportedly incurred physical damages from a fire that arose during the removal of certain flooring. Great American issued approximately $20,414.38 in indemnity payments to Cavalier, relative to the Second Claim. However, Cavalier has not identified to Great American what repairs, if any, it made to the Project's flooring relative to damages arising from either the First or Second Claims.

28. As for the Third Claim, which was assigned claim number A00415013 ("Third Claim"), certain Covered Property at the Project, including again, certain hardwood flooring, purportedly incurred physical damage on or about January 3, 2022, from rainwater that entered the buildings.

29. Great American duly commenced its investigation of the Third Claim. During its investigation, which included obtaining documents and information from Cavalier and inspecting the Project, Great American learned that as of January 3, 2022, the Project's exterior envelope was incomplete, such that, for example, temporary window and roof coverings were in place on both buildings, and that rainwater had again entered the Project's interior.

30. On or about January 28, 2022, relative to the Third Claim, Cavalier retained GGG to act as its public adjuster. Via the Public Adjuster Contract entered into by GGG and Cavalier, Cavalier assigned a portion of the Third Claim to GGG. *A copy of the Public Adjuster Contract is attached hereto as **Exhibit B***.

31. Continuing with its investigation, on February 2, 2022, Great American issued a reservation of rights letter to Cavalier, explaining that various provisions may limit or preclude coverage for the Third Claim, including the Policy's Rainwater Exclusion. After receiving a response from Cavalier via its public adjuster, GGG, Great American issued an additional explanation of its reservation of rights on March 7, 2022, wherein it again reiterated the potential applicability of various Policy provisions, including the Rainwater and Faulty Workmanship Exclusions.

32. Great American conducted further investigation of the Third Claim, including an April 25, 2022 re-inspection of the Project. At the time of said re-

inspection, the Project buildings' exterior envelopes – including the windows and roofs through which rainwater entered on or about January 3, 2022 – remained incomplete. Following the re-inspection, Cavalier submitted additional information to Great American. However, nothing submitted by Cavalier disputed that the Project's exterior envelope, including the windows and roofs forming a part of the exterior envelope, was incomplete as of January 3, 2022.

33. During Great American's continued investigation, Cavalier submitted two sworn statements in proof of loss. Via the first proof of loss, which identified certain purported mitigation and building repair costs, Cavalier sought a total of $4,851,784.79, after applying the Policy's deductible and depreciation. Via the second proof of loss Cavalier sought recovery relative to the purported loss of a historic tax credit, but stated that the damages at issue were "Not Determined."

34. Additionally, Cavalier submitted a letter dated July 20, 2022 wherein it provided additional information regarding the Third Claim. Via its July 2022 letter, Cavalier "acknowledge[d] that the entire building envelope was not completely and permanently installed in accordance with the [Project's] plans and specifications at the time of the loss." *See July 20, 2022 Letter, attached as **Exhibit C**.*

35. Per agreement by the Parties, Great American was allowed until October 3, 2022 to provide its coverage position relative to its investigation of the

Third Claim. On that day, Great American issued a declination letter detailing its investigation of the Third Claim, and explaining that the Policy's Rainwater and Faulty Workmanship Exclusions precluded coverage for damages arising from rainwater entering the Project while the exterior envelope remained incomplete, *i.e.* the damages sought via the Third Claim. *See October 3, 2022 Declination Letter, attached as* **Exhibit D**.

36. Following Great American's October 3, 2022 declination letter, GGG issued rebuttal letters on November 15, 2022 and January 24, 2023 (*see attached* **Exhibits E and G**, *respectively)*, and Great American issued a letter addressing each rebuttal on December 1, 2022 and February 3, 2023, respectively. *See attached* **Exhibits F and H**, *respectively.*

37. Great American has dutifully investigated each of the Claims and correctly applied the Policy's provisions, including by declining coverage for the First and Third Claims.

38. Notwithstanding, Cavalier and GGG continue to demand indemnity payments, including for the amounts identified in Paragraph 33, above.

## **COUNT I: DECLARATORY JUDGMENT**

39. Great American re-alleges the allegations in Paragraphs 1 through 38, above, as if fully set forth herein.

40. Pursuant to the Policy's explicit terms, Cavalier cannot transfer its

rights and duties under the Policy without Great American's consent, which Great American has not provided. *See **Ex. A**, Policy, Form IL 00 17 (Ed. 11/98) XS at p. 2 of 2*.

41. Notwithstanding, Cavalier has entered the Public Adjuster Contract, purportedly assigning certain rights to GGG.

42. As such, Great American seeks a declaration that Cavalier has breached the Policy and its requirement that Cavalier abstain from transferring its rights and duties.

43. In the alternative, Great American seeks a declaration that Great American is not bound by the Public Adjuster Contract, to which Great American is not party.

44. Further, as alleged above, the Policy's coverage is limited to direct physical "loss" to Covered Property from a Covered Cause of Loss.

45. Relative to the First and Third Claims, Great American seeks a declaration that it has correctly applied the Policy in declining coverage for said Claims.

46. Specifically, any damage to Covered Property sought relative to the First and Third Claims resulted from rainwater entering the Project while its exterior envelope remained incomplete and/or deficient, including but not limited to entry through temporary plastic, temporary windows, temporary roof coverings,

and/or gaps or openings in the Project's exterior envelope all whether or not driven by rain.

47. As such, Great American seeks a judicial declaration that the Policy's Rainwater and/or Faulty Workmanship Exclusions apply to preclude coverage for the First and Third Claims.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Great American respectfully requests that this Honorable Court make each of the following judicial declarations in its favor and against Defendants:

1. Cavalier is in breach of the Policy by virtue of its purported assignment of rights under the Policy via its Public Adjuster Contract with GGG;

2. Alternatively, Great American is not bound by the Public Adjuster Contract entered into by Cavalier and GGG;

3. The damages sought via the First and Third Claims do not comprise direct physical "loss" to Covered Property from a Covered Cause of Loss;

4. The First and Third Claims are precluded from the Policy's coverage pursuant to the Rainwater Exclusion;

5. The First and Third Claims are precluded from the Policy's coverage pursuant to the Faulty Workmanship Exclusion;

6. Great American has satisfied its obligations pursuant to the Policy

and each of the Claims;

7. Great American is entitled to an award of all reasonable costs and attorney's fees incurred in prosecuting this action; and

8. Great American is entitled to an award of any additional relief that this Court deems just and proper.

Respectfully submitted, this the 15th day of June 2023.

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/ Roman C. Harper*
T. Nicholas Goanos, NC Bar No.: 45656
Roman C. Harper, NC Bar No.: 53995
11605 N. Community House Road, Suite 150
Charlotte, North Carolina 28277
Telephone: (704) 543-2321
Facsimile: (704) 543-2324
Email: ngoanos@butler.legal
rharper@butler.legal
*Attorneys for Great American Insurance Company*